IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| AZURE NETWORKS, LLC, § § **Plaintiff,** § § v. § § NOKIA, INC. and § NOKIA CORPORATION, § § **Defendants.** § § | Civil Action No. JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Azure Networks, LLC ("Azure") complains against Nokia, Inc. and Nokia Corporation (collectively "Nokia") as follows:

### PARTIES

1. Plaintiff Azure is a Texas limited liability company with its principal place of business at 211 W. Tyler, Suite C-3, Longview, Texas 75601.

2. On information and belief, Defendant Nokia Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 6000 Connection Drive, Irving, Texas 75039. Nokia, Inc. may be served with process by serving its registered agent National Registered Agents, Inc. at 16055 Space Center, Suite 235, Houston, Texas 77062.

3. On information and belief, Defendant Nokia Corporation is a foreign corporation organized and existing under the laws of Finland, with its principal place of business at

Keilalahdentie 4, FIN-00045 Espoo, Finland.  Pursuant to the Federal Rules of Civil Procedure, service upon Defendant Nokia Corporation is proper through the means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, *opened for signature* Nov. 15, 1965, 20 U.S.T. 36 1, UNTS 163 ("Hague Convention"). In accordance with Articles 3 and 5 of the Hague Convention, Defendant Nokia Corporation can be served by forwarding a properly formatted request, summons and complaint to the Central Authority of Finland, whose address is Ministry of Justice, P.O. Box 25, FIN-00023 Government, Finland. Pursuant to Article 5(a) of the Hague Convention, Defendant Nokia Corporation can be served by the Central Authority for Finland in the method prescribed by the internal laws of Finland for the service of document in domestic actions upon persons who are within its territory.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

6.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**PATENT INFRINGEMENT**

7.    Azure is the owner by assignment of United States Patent No. 6,981,158 ("the '158 patent") entitled "Methods and Apparatus for Tracing Packets." The '158 patent issued on December 27, 2005. A true and correct copy of '158 patent is attached as Exhibit A.

8.    Azure is the owner by assignment of United States Patent No. 7,302,704 ("the '704 patent") entitled "Excising Compromised Routers From an Ad-Hoc Network." The '704 patent issued on November 27, 2007. A true and correct copy of '704 patent is attached as Exhibit B.

9.    On information and belief, Nokia has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '158 and '704 patents in the State of Texas, in this judicial district, and elsewhere in the United States. Nokia's infringements include, among other things, making, using, offering for sale, and/or selling computer network products, including without limitation the Nokia IP60 Security Platform. *See* Exhibit C. Nokia is thus liable for infringement of the '158 and '704 patents pursuant to 35 U.S.C. § 271.

10.    On information and belief, to the extent any marking was required by 35 U.S.C. § 287, such requirements have been complied with.

11.    As a result of the Defendants' infringement of the '158 and '704 patents, Azure has suffered monetary damages that are compensable under 35 U.S.C. § 284 adequate to compensate it for the infringement, but in no event less than a reasonable royalty.

12.    On information and belief, Defendants' infringements are willful, at least if Defendants continue to infringe the '158 and '704 patents after receiving notice of this lawsuit.

13. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285, at least if Defendants continue to infringe the '158 and '704 patents after receiving notice of this lawsuit, and Azure is thus entitled to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Azure Networks, LLC requests that this Court enter:

A. A judgment in favor of Azure that Defendants have directly, and/or by way of inducing infringement by others, and/or contributing to the infringement by others of the '158 and '704 patents, and that such infringement was willful;

B. A judgment and order requiring Defendants to pay Azure its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '158 and '704 patents as provided under 35 U.S.C. § 284;

C. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Azure its reasonable attorneys' fees; and

D. Any and all other relief to which the Court may deem Azure entitled.

## DEMAND FOR JURY TRIAL

Azure Networks, LLC, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Eric M. Albritton
_____
Eric M. Albritton
Texas Bar No. 00790215
Craig Tadlock
Texas State Bar No. 00791766
Adam A. Biggs
Texas State Bar No. 24051753
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

Thomas John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P O Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

Danny L. Williams
Texas Bar No. 21518050
Christopher N. Cravey
Texas Bar No. 24034398
Matthew R. Rodgers
Texas Bar No. 24041802
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wmalaw.com
ccravey@wmalaw.com
mrodgers@wmalaw.com

Scott E. Stevens
State Bar No. 00792024
Kyle J. Nelson
State Bar No. 24056031
STEVNS LAW FIRM
P.O. Box 807
Longview, Texas 75606
Tel: 903-753-6760
Fax: 903-753-6761
scott@seslawfirm.com
kyle@seslawfirm.com

**Attorneys for Azure Networks, LLC**